IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Richard Keith Poe, #259297, | ) | Civil Action No. 9:18-0252-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 53) recommending that Plaintiff's claim be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's claim without prejudice.

I. **Background**

Plaintiff is an incarcerated person proceeding *pro se* to bring a claim under 18 U.S.C. § 1983. Accorded an appropriately liberal construction to this *pro se* litigant, Plaintiff's complaint alleges that while in the custody of the South Carolina Department of Corrections he was assaulted by fellow inmates, deprived of his property and blood pressure medication, and developed facial sores as a result of being prohibited from shaving.

II. **Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself

-1-

that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. <u>Discussion</u>

The Magistrate Judge addressed the issues and correctly concluded that this case may be dismissed pursuant to Rule 41. After Defendants moved to for summary judgment, the Magistrate Judge issued and mailed a *Roseboro* Order notifying Plaintiff of the motion and advising him of the risk of dismissal if he failed to oppose. (Dkt. No. 50). Plaintiff did not file a response in opposition to Defendants' motion. The *Roseboro* Order was returned to the Clerk for an undeliverable address. (Dkt. No. 52.) The Court previously advised Plaintiff to notify the Court in writing of any change of address. (Dkt. No. 8.) Plaintiff is presumed to have understood the Proper Form Order because he subsequently notified the Court of his changed address. (Dkt. No. 48.) Plaintiff filed no objections to the R & R.

This lack of response indicates Plaintiff's intent not to continue prosecuting his claim and, therefore, subjects the case to *sua sponte* dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 53) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 7, 2019
Charleston, South Carolina